United States District Court
District of Massachusetts

| | |
|---|---|
| HARRY M. ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-12621-NMG |
| HSBC BANK USA, N.A., AS ) | |
| TRUSTEE FOR FREMONT HOME LOAN ) | |
| TRUST 2006-C, MORTGAGE BACKED ) | |
| CERTIFICATES, SERIES 2006-C ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM & ORDER

**GORTON, J.**

This case arises from an attempted foreclosure of a residential mortgage in Beverly, Massachusetts. Harry Andrews ("Andrews" or "plaintiff") brought this action in Massachusetts Superior Court against HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 206-C, Mortgage Backed Certificates, Series 2006-C ("HSBC"). Plaintiff challenges HSBC's standing to foreclose, contesting its ownership of the note and mortgage, whether the property is subject to a properly recorded lien and the adequacy of the notice given by HSBC. Defendant removed the case to this Court.

-1-

Pending before this Court is plaintiff's motion to remand the action to Massachusetts Superior Court and HSBC's motion to dismiss. For the reasons that follow, the motion to remand will be denied and the motion to dismiss will be allowed.

I. **Background**

Plaintiff purchased the residential property located at 3 Hemlock Street, Beverly, Massachusetts ("the property") in October, 1974. On June 27, 2006, plaintiff borrowed $506,000 secured by a promissory note ("the note") from Fremont Investment & Loan ("Fremont"). On the same day, to secure the note, plaintiff granted a mortgage lien ("the mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Fremont. In May, 2012, MERS assigned the mortgage to HSBC as Trustee. The mortgage is serviced by Ocwen Loan Servicing, LLC ("Ocwen").

After the economic downturn of the past decade, plaintiff fell behind on his mortgage payments and HSBC initiated foreclosure proceedings on the property. On June 24, 2014, HSBC, through its servicer Ocwen, sent a right to cure notice to plaintiff, pursuant to M.G.L. c. 244 § 35A.

On October 27, 2016, Andrews commenced this action by filing a complaint in the Massachusetts Superior Court for Essex County. HSBC removed the action to federal court on December

27, 2016. Plaintiff filed the pending motion to remand one month later and the following week, HSBC filed the pending motion to dismiss.

## II. Motion to Remand

### A. Legal Standard

Federal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking to invoke federal jurisdiction bears the burden of establishing subject-matter jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Removal of the action is proper if the court determines, "by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B).

### B. Application

The parties are citizens of different states because the plaintiff is a Massachusetts resident while HSBC is a citizen of Delaware, the state where it is "located" under 28 U.S.C. § 1348. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (holding that a national bank, for § 1348 purposes, is a citizen of "the State in which its main office, as set forth in its articles of association, is located").

The parties disagree as to whether the amount in controversy requirement under 28 U.S.C. § 1332 has been met. HSBC contends in its notice of removal that the amount in controversy exceeds $75,000 because plaintiff seeks to prevent foreclosure on a $506,000 mortgage. Andrews's complaint does not specify an amount of damages sought but he disputes HSBC's contention that the amount in controversy is determined by the value of the loan. Plaintiff does not suggest an alternative amount in controversy, arguing that he is merely seeking to enjoin foreclosure until HSBC complies with its obligations under Massachusetts law.

Where the plaintiff seeks equitable relief, the amount in controversy is "measured by the value of the object of the litigation". Hunt v. Wash State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The First Circuit has noted that many district courts have held that the amount in controversy in a foreclosure action is the value of the loan amount. McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012). Although the court in McKenna did not need to reach the question, it expressed a preference for the "face-value-of-the-loan" rule, noting the simplicity of the rule and the fact that the loan amount is not vulnerable to manipulation "through strategic timing of a filing". Id. at 212.

Andrews denies that he seeks to enjoin foreclosure permanently and merely requests that HSBC conform to certain obligations under Massachusetts law prior to foreclosing. HSBC responds by disputing that the injunction plaintiff seeks is temporary, pointing out that Andrews challenges, among other things, HSBC's ownership of the mortgage and note and whether the property is subject to a properly recorded lien.

Because the allegations in the complaint go to the essence of the validity of the mortgage and HSBC's right to foreclose, the face value of loan is the appropriate measure for the amount in controversy here. See Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013) (designating the amount in controversy as the value of the mortgage where the "Defendants' mortgage interest would be extinguished if [the] Plaintiffs were ultimately successful").

Accordingly, plaintiff's motion to remand will be denied.

### III. **Motion to Dismiss**

HSBC moves to dismiss all three counts of plaintiff's complaint for failure to state a claim upon which relief can be granted.

    **A. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain

"sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

**1. Declaratory Judgment**

Count I contends that Andrews is entitled to a declaratory judgment that HSBC lacks legal standing to foreclose on the property. In order to be entitled to declaratory relief,

plaintiff must plausibly claim that HSBC lacks authority to foreclose under the statute, M.G.L. c. 244 § 14. See U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 50 (Mass. 2011). Massachusetts is a nonjudicial foreclosure state, allowing a mortgagee to foreclose by exercising the statutory power of sale. Galvin v. U.S. Bank, N.A., 852 F.3d 146 (1st Cir. 2017). In order to exercise that statutory power, the mortgagee must "hold both the note and the mortgage to have standing to sell the property at a foreclosure sale". Id. (citing Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1131 (Mass. 2012)). Thus, to survive HSBC's motion under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint must include a plausible claim that HSBC is not the valid holder of the note and mortgage.

Andrews offers nothing beyond a conclusory allegation that HSBC does not own the mortgage or note in support of his claim. He then claims that the mere act of filing a lawsuit shifts the burden to HSBC to prove its entitlement to foreclose.

In Massachusetts, the note and mortgage are separate legal instruments and may travel independently. Eaton, 969 N.E.2d at 1124. The mortgage is an interest in land which may only be transferred by written assignment. Ibanez, 941 N.E.2d at 51. After a valid assignment has been executed, the holder of the mortgage has "the statutory power to sell after a default." Id.

at 55.  Contrary to plaintiff's suggestion, Massachusetts law does not require a mortgagee affirmatively to prove that it owns the mortgage before foreclosing.  See Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25 (D. Mass. 2014) (making clear that neither Eaton or Ibanez "require a mortgage holder to produce evidence of ownership before it can foreclose").  Rather plaintiff must allege sufficient facts to state a plausible claim that HSBC does not own the mortgage.

Andrews here has not introduced evidence sufficient to raise a genuine dispute of fact as to HSBC's ownership of the note and its right to foreclose on the mortgage.

### 2. 35A Notice Requirement

In Count II of his complaint, plaintiff alleges that HSBC violated M.G.L. c. 244 § 35A by sending a deficient right-to-cure notice ("the 35A notice").  Plaintiff contends that the 35A notice was inadequate because it did not strictly comply with two statutory requirements.  First, Andrews notes that the 35A notice listed a date 153 days after the 35A notice date (thereby giving plaintiff three extra days to cure).  Second, plaintiff claims that the 35A notice did not include the name of the payment contact.  Defendant moves to dismiss Count II by contending that strict compliance with § 35A is not required after the decision of the Massachusetts Supreme Judicial Court

("SJC") in U.S. Bank Nat'l Ass'n v. Schumacher. 5 N.E.3d 882 (Mass. 2014).

In Schumacher, the SJC considered a post-foreclosure challenge to a foreclosure sale and determined that because § 35A was not one of the statutes "relating to the foreclosure of mortgages by the exercise of a power of sale", strict compliance was not a prerequisite to a valid foreclosure. Id. at 889-90. As other courts in this district have recognized, however, the standard for challenging the adequacy of a notice sent pursuant to § 35A in a pre-foreclosure action is different. Sullivan v. Bank of New York Mellon Corp., 91 F. Supp. 3d 154, 167 (D. Mass. 2015). In a post-foreclosure action, the mortgagor must prove that a violation of § 35A

> rendered the foreclosure so fundamentally unfair that she is entitled to affirmative equitable relief.

Schumacher, 5 N.E.3d at 891 (Gants, J., concurring). As to pre-foreclosure remedies however, Schumacher contemplates a lower bar for relief, explaining that a mortgagor may seek to enjoin a foreclosure if the mortgage holder has "failed to provide timely and adequate written notice." Id. at 890. Despite acknowledging the less restrictive hurdle in pre-foreclosure actions, Schumacher did not precisely define "adequate written notice" and the court left open the question of what kind of defect in

the notice would entitle a mortgagor to pre-foreclosure relief. Bulmer v. MidFirst Bank, FSA, 59 F. Supp. 3d 271, 283 (D. Mass. 2014)(citing Haskins v. Deutsche Bank Nat'l Trust Co., 19 N.E.3d 455, 460 (Mass. App. Ct. 2014)).

After Schumacher, Massachusetts courts have looked to the statutory purpose of the right-to-cure notice requirement when considering the proper grounds for relief based on a defective notice in the pre-foreclosure context. See Haskins, 19 N.E.3d at 462. The notice requirement in § 35A is designed to give a mortgagor a "fair opportunity to cure a default before the debt is accelerated" and to provide the mortgagor with the information necessary to "contact the party who holds all relevant information about the loan." Id. (citing Schumacher, 5 N.E.3d at 890).

The first deficiency of which Andrews complains is that the 35A notice listed a deadline to cure that was not exactly 150 days after the 35A notice date. The 35A notice gave plaintiff three *extra* days to cure. Section 35A prevents a mortgagee from accelerating maturity of an unpaid balance until "at least" 150 days after the date a written notice is given to the mortgagor. M.G.L. c. 244 § 35A (2010). By the terms of the statute, the deadline need not be *exactly* 150 days after the date of the 35A notice. HSBC gave a longer-than-required period for plaintiff

to cure, fulfilling its statutory obligation to provide a fair opportunity to cure a default.

The plaintiff's second contention is that the 35A notice did not identify the name of the payment contact, instead identifying the name of the mortgage servicer, Ocwen.  Plaintiff appears to suggest that § 35A requires the name of an individual.  Contrary to plaintiff's implication, the Massachusetts Appeals Court in Haskins explicitly approved of the use of the mortgage servicer as the contact in a 35A notice.  Haskins, 19 N.E.3d at 462 (noting that the servicer holds all relevant information about the loan and retains the authority to allow the mortgagor to cure any default).

The 35A notice at issue here clearly identifies the contact information for the servicer of the mortgage and provides more than the statutorily required 150-day period for the mortgagor to cure the default.  Even given the lower hurdle for relief in the pre-foreclosure context, Andrews has not alleged facts sufficient to support a finding that the 35A notice was defective.

### 3. Property Description

Count III of the complaint asserts that HSBC cannot foreclose on the property because the mortgage contains an inconsistent description of the property.  Specifically,

plaintiff contends that Schedule A of the mortgage refers to a second parcel of land after the metes and bounds description of the property.  Defendant maintains that the mortgage correctly documents the legal description of the property and notes that the reference to the adjacent parcel is made explicitly "for informational purposes only".

In Massachusetts, the rules of construction regarding property descriptions are "well settled". In re Benton, 563 B.R. 113, 123 (Bankr. D. Mass. 2017)(citing Fleming v. McCarthy, No. 94-0691, 1995 WL 808620, at *3 (Mass. Super. Ct. Jan. 18, 1995)).  Where a deed fixes the location of the boundaries of the property, the description is unambiguous and parol evidence is not admissible to contradict the description. Fleming, 1995 WL 8080620, at *3.  If a deed contains an inconsistent description, the more specific description prevails. Id.

The description of the property contained in Schedule A of the mortgage precisely fixes the boundaries of the property. The reference to the adjacent lot is listed after the relevant metes and bounds and rights of way conveyed with the property and is preceded by the phrase "for informational purposes only". Although Massachusetts courts have not considered the construction of a property description with a reference made for "informational purposes only," in Bayview Loan Servicing, LLC v.

Locklear, the Eastern District of North Carolina held that an unambiguous property description (in that case a plat map) controlled despite a differing address listed "for informational purposes only". No. 15-cv-220, 2017 WL 3080750, at *4 (E.D.N.C. July 18, 2017).  In that case, the court confirmed that the second reference made for informational purposes did not create an ambiguity.  As in Massachusetts, the rules of construction in North Carolina similarly dictate that specific descriptions control and, accordingly, that case is instructive in the case at bar.

The mortgage here properly refers to the description of the property and Count III fails to state a claim that HSBC is not permitted to foreclose on the property.

### ORDER

For the foregoing reasons, plaintiff's motion to remand (Docket No. 9) is **DENIED** and HSBC's motion to dismiss (Docket No. 11) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 12, 2017