United States District Court
District of Massachusetts

|  |  |
|---|---|
| HARRY M. ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-12621-NMG |
| HSBC BANK USA, N.A., AS ) | |
| TRUSTEE FOR FREMONT HOME LOAN ) | |
| TRUST 2006-C, MORTGAGE BACKED ) | |
| CERTIFICATES, SERIES 2006-C ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Harry Andrews ("Andrews" or "plaintiff") brought this action against HSBC Bank USA, N.A. as Trustee for Fremont Home Loan Trust 206-C, Mortgage Backed Certificates, Series 2006-C ("HSBC") in Massachusetts Superior Court in October, 2016 and HSBC removed the case to this Court on diversity grounds. In September, 2017, this Court issued a Memorandum and Order ("the September M&O") denying plaintiff's motion to remand and allowing defendant's motion to dismiss. Pending before this Court are plaintiff's motions to alter the judgment and for a preliminary injunction. For the reasons that follow, those motions will be denied.

Shortly after filing his motion to alter the judgment, Andrews filed his notice of appeal. This court retains jurisdiction to consider the instant motions under Fed. R. App. P. 4(a)(4). Under that Rule, a notice of appeal does not become effective until an order of the district court disposes of the pending motion to alter or amend the judgment (or other similar motion). Fed. R. App. P. 4(a)(4)(B)(i).

To prevail on a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), the moving party must show that "the original judgment evidenced a manifest error of law" or that there was "newly discovered evidence". Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citing Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). Rule 59(e) motions are not the proper mechanism to "regurgitate old arguments previously considered and rejected" and relief "is granted sparingly". Id. (internal citation omitted).

Andrews urges this Court to alter its judgment with respect to the dismissal of one part of one count of the complaint. He avers that the notice sent by HSBC pursuant to M.G.L. c. 244 § 35A ("the § 35A notice") was defective because it did not include the name of the payment contact. Andrews's motion simply rehashes the argument previously rejected by this Court

in its September M&O and does not evidence a manifest error of law.  As such, the motion to alter the judgment will be denied.

Plaintiff also moves to enjoin the foreclosure sale of the property pending appeal.  To obtain a preliminary injunction, the plaintiff must demonstrate: 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted).  Of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales". Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

Andrews contends that he is likely to prevail on the merits of the three allegations in the complaint.  He asserts that 1) HSBC is unable to show it holds the note and therefore cannot foreclose, 2) the § 35A notice was defective for failing to identify a payment contact and giving three extra days to cure and 3) the property description in the mortgage requires reformation prior to foreclosure.  Those allegations are identical to the claims considered and dismissed by this Court in its September M&O.  For the reasons articulated in that M&O, Andrews is not likely to succeed on the merits of his claims.

While the other requirements for injunctive relief may, in the abstract, favor plaintiff, they do not overcome his unlikelihood of success on the merits. Andrews will no doubt be subject to substantial harm if his residence is foreclosed upon and the hardship caused thereby would be greater than the hardship to which HSBC would be subjected by an allowance of a preliminary injunction.

Nevertheless, Andrews is not entitled to injunctive relief because likelihood of success on the merits is the "critical" factor. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) ("In the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain injunctive relief.").

Because Andrews has not shown a likelihood of success on the merits, this Court declines to address the other factors in the analysis and his motion for preliminary injunction will be denied.

**ORDER**

For the foregoing reasons, plaintiff's motions to alter the judgment (Docket No. 18) and for preliminary injunction (Docket No. 23) are **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated: November 3, 2017